79 F.3d 1165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James M. CARRIER, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3531.
 United States Court of Appeals, Federal Circuit.
 March 4, 1996.
 
 Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 James M. Carrier petitions for review of the decision of the Merit Systems Protection Board (Board) dismissing his appeal for want of jurisdiction. Because the Board failed to assess whether it has jurisdiction over Carrier's case under McCandless v. Merit Systems Protection Board, 996 F.2d 1193 (Fed.Cir.1993), we vacate the Board's decision and remand the case for further proceedings.
 
 
 2
 * Carrier is a nonpreference eligible employee of the United States Postal Service. As such, he may appeal to the Board only if he can prove that he is a management or supervisory employee, or an employee engaged in personnel work other than in a purely nonconfidential clerical capacity, and that he has completed one year of current, continuous service in the same or a similar position. 39 U.S.C. § 1005(a)(4)(A) (1994). In Waldau v. Merit Systems Protection Board, 19 F.3d 1395 (Fed.Cir.1994), we stated the test for ascertaining if an employee is a management or supervisory employee.
 
 
 3
 On November 19, 1992, Carrier filed an appeal with the Washington, D.C. regional office of the Board, challenging an alleged reduction-in-force by the United States Postal Service. An Administrative Judge (AJ) dismissed his appeal for lack of jurisdiction on several grounds. Carrier petitioned the Board for review of that decision. In his petition, Carrier inter alia argued that he had made a nonfrivolous allegation that he was a management employee under Waldau, thereby entitling him at least to a hearing on that issue. Alternatively, Carrier argued that he is ineligible for membership in a collective bargaining unit, and that therefore the Board has jurisdiction over his case under McCandless.
 
 
 4
 The Board reversed the AJ's decision, citing Waldau but without mention of McCandless, and remanded the case for further hearings on the jurisdictional issue. On remand, the AJ determined that Carrier is not a management employee under Waldau, and dismissed Carrier's appeal again for want of jurisdiction, without adjudicating Carrier's claim that the Board has jurisdiction over his appeal under McCandless. When the Board declined review of the AJ's second decision, it became final, and Carrier timely filed his petition for review in this court.
 
 II
 
 5
 The record in this court establishes that Carrier made a prima facie showing that the position he holds is a "nonbargaining" position. The AJ, however, made no factual determination on whether Carrier might nonetheless be eligible to join a collective bargaining unit. If so, he would not be in a collective bargaining unit as a matter of choice. On the other hand, Carrier may be ineligible as a matter of law for membership in a collective bargaining unit. In that case, the Board would be obligated to follow our holding in McCandless and assume jurisdiction over Carrier's appeal.
 
 
 6
 In Waldau, we remanded that case to the Board for further proceedings with the express caution to be mindful of our decision in McCandless when determining whether the Board had jurisdiction over Waldau's appeal. 19 F.3d at 1404-05. This case requires us to repeat our reminder that McCandless cannot be overlooked by the Board. A decision of the Board which fails to resolve an issue properly before it is arbitrary and capricious, and we must vacate that decision. 5 U.S.C. § 7703(c) (1994). The case is remanded for adjudication of the McCandless issue.
 
 
 7
 Costs to Carrier.