James M. CARRIER, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent,**

and

**United States Postal Service, Intervenor.**

No. 98–3267.

United States Court of Appeals, Federal Circuit.

July 20, 1999.

James Carrier, Bowie, Maryland, pro se.

Eric D. Flores, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. With him on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Michal L. Tingle, Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for intervenor. With her on the brief were David M. Cohen, Director, and Sharon Y. Eubanks, Deputy Director. Of counsel on the brief was R. Andrew German, Managing Counsel, U.S. Postal Service, Washington, DC.

Before NEWMAN, PLAGER, and CLEVENGER, Circuit Judges.

Dissenting opinion filed by Circuit Judge PAULINE NEWMAN.

PER CURIAM.

James M. Carrier petitions for review of the decision of the Merit Systems Protection Board (Board) dismissing his appeal for lack of jurisdiction. *See Carrier v. United States Postal Serv.,* 78 M.S.P.R. 404 (M.S.P.B.1998). We affirm.

I

James M. Carrier retired from the postal service on November 20, 1992, as part of the 1992–1993 agency-wide reorganization of the service. Shortly thereafter, he filed an appeal to the Board, challenging his retirement as involuntary. An administrative judge of the Board held that Carrier had failed to make a nonfrivolous allegation of involuntariness and dismissed his appeal on that ground. *See Carrier v. United States Postal Serv.,* Docket No. DC–0752–93–0121–I–1 (Feb. 16, 1993) (*Carrier I*). Carrier appealed that decision to the Board; the Board vacated that decision and remanded the case for adjudication. See *Carrier v. United States Postal Serv.,* 65 M.S.P.R. 54 (1994) (*Carrier II*).

On the remand after *Carrier II,* the administrative judge again dismissed Carrier's appeal for want of jurisdiction. This time, however, it was on the ground that Carrier had failed to prove that he was one of the managerial-level officials of the postal service over whom the statutes authorized the Board to take jurisdiction in personnel matters. See *Carrier v. United States Postal Serv.,* 67 M.S.P.R. 398 (1995) (*Carrier III*). The Board denied review of that decision on the ground that the appeal did not meet the criteria for review. See *Carrier v. United States Postal Serv.,* 67 M.S.P.R. 398 (1995) (Table) (*Carrier IV*).

■ Carrier brought *Carrier IV* to this court. In the course of reviewing the appeal, we noticed that the Board had not

determined whether Carrier is barred as a matter of law from membership in a collective bargaining unit. We viewed that as pertinent to the question of jurisdiction, because we held in *McCandless v. Merit Sys. Protection Bd.*, 996 F.2d 1193 (Fed. Cir.1993), that the Board has jurisdiction over an appeal from an employee of the postal service who is ineligible, as a matter of law, from membership in a collective bargaining unit. This holding in *McCandless* follows from the fact that 39 U.S.C. § 1202 bars from bargaining units those postal service employees who are managers, supervisors, or confidential-personnel employees. In that case, the employee, because he falls in one of these categories, has appeal rights to the Board under 39 U.S.C. § 1005(4)(A)(ii).

*McCandless* held that the statutory categories of manager, supervisor, and confidential-personnel employees in section 1202 and section 1005(4)(A)(ii) must be construed consistently. Thus, if a postal employee is barred as a matter of law from bargaining unit membership because the employee falls in one of these barred categories under section 1202, the employee by statutory definition has appeal rights to the Board under section 1005(4)(A)(ii). *See McCandless*, 996 F.2d at 1201. This ensures that there is no otherwise undefined "third group" of postal service employees who are both precluded as a matter of law from joining a bargaining unit and at the same time are precluded from seeking Board review of adverse personnel actions, *see Bolton v. Merit Sys. Protection Bd.*, 154 F.3d 1313, 1320 (Fed.Cir. 1998), and, assuming an available bargaining unit providing the non-managerial employee with an appeal route for adverse agency personnel actions, this ensures an appeal mechanism for all employees.

Accordingly, we vacated the Board's decision in *Carrier IV* and remanded the case for the limited purpose of adjudica-

tion of the issue of whether Carrier is barred from membership in a collective bargaining unit as a matter of law. See *Carrier v. Merit Sys. Protection Bd.*, 79 F.3d 1165, 1996 WL 91647 (Fed.Cir.1996) (Table) (*Carrier V*). This required the Board to consider whether, from the perspective of section 1202, Carrier is a manager, supervisor, or confidential-personnel employee.

On remand from *Carrier V*, the administrative judge found that Carrier had not alleged that he was a supervisory or confidential-personnel employee, and found that Carrier had failed to prove that he was managerial employee. The AJ further held that Carrier had not proved that he was barred as a matter of law from membership in a collective bargaining unit— while a notation in Carrier's position description indicated that it was a nonbargaining position, the administrative judge found that Carrier had not made any factual showing that he was precluded from membership in a collective bargaining unit. The administrative judge noted favorably the agency's argument that unrepresented employees who are not ineligible as a matter of law may seek union representation. Once again, Carrier's appeal was dismissed for want of jurisdiction. *Carrier v. United States Postal Serv.*, Docket No. DC-0752-93-0121-M-1 (Aug. 13, 1996) (*Carrier VI*).

The Board granted Carrier's petition for review of the AJ's decision in *Carrier VI*. With regard to whether Carrier had proven that he was not entitled as a matter of law to membership in a collective bargaining unit, the Board affirmed the decision in *Carrier VI*. As to whether Carrier had proven that he is a management employee, the Board affirmed the decision in *Carrier VI* that Carrier had not made such a showing. Also, the Board, noting that Carrier had alleged supervisory status, held that Carrier failed to prove that he fit in the category of supervisors. The Board, finally, held that Carrier had waived an oppor-

tunity to prove that he was a confidential-personnel employee, and Carrier now agrees that he has waived that point. Consequently, the dismissal of Carrier's appeal for want of jurisdiction became the final decision of the Board. *Carrier v. U.S. Postal Service,* 78 M.S.P.R. 404 (1998) (*Carrier VII*). Carrier petitioned this court for review, and we have jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

## II

We have limited review of the decisions of the Board. We may not disturb a decision of the Board unless we hold it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (1994).

■ In his opening and reply briefs to this court, Carrier devotes his fullest efforts to rearguing the facts, in hopes that we might disagree with the Board and conclude that he indeed has proven that in fact his work in the postal service qualifies for definition as either managerial or supervisory. Our standard of review precludes us from making an independent review of the evidence. On the basis of the evidence adduced in *Carrier I* through *Carrier VII,* we are satisfied that substantial evidence supports the Board's finding that Carrier is neither a management nor a supervisory employee. *See Bolton,* 154 F.3d at 1316, 1319 (reviewing the Board's findings as to whether employee was manager or supervisor for substantial evidence).

We reach the same conclusion when considering the matter from the perspective of section 1202, which was the Board's task on remand from *Carrier V.* In this regard, the Board found that Carrier had failed to establish that he was a manager, supervisor, or confidential-personnel employee under section 1202, and accordingly held that he failed to prove that he was barred *as a matter of law* from membership in a collective bargaining unit.

■ Contrary to the suggestions of the dissent, we may not reach the opposite conclusion based on the facts that the postal service described Carrier's position as nonbargaining and that there may presently be no bargaining unit in existence for Carrier to join. The Board's jurisdiction is prescribed by statute, and section 1005 restricts the Board's jurisdiction to those nonpreference eligible employees who are either a manager, supervisor, or confidential-personnel employee.[1] Our precedent makes clear that whether Carrier was one of these types of employees must be established based on his actual job duties, not simply by the description of his position as nonbargaining. *See Waldau v. Merit Sys. Protection Bd.,* 19 F.3d 1395, 1399 (Fed. Cir.1994) ("Whether particular employees are 'managerial' is not controlled by the specific job title of the position held by the employee. Rather, the question must be answered 'in terms of the employee['s] actual job responsibilities, authority, and relationship to management. Furthermore, this question must be resolved on a case-by-case basis'" (citations omitted).).

■ The jurisdiction of the Board over appeals from postal service employees is prescribed, and constrained, by statute, and is defined in terms of job status, a matter of fact proven on a case-by-case basis. If a person is not a manager, supervisor or confidential-personnel employee, that person as a matter of law has no Board appeal rights. Congress contemplated that such a person as a matter of

---

1. The various pieces of legislative history relied on by the dissent are neither apposite or relevant—there has been no showing that the statute is ambiguous or absurd. *See Ameri-*

*can Telephone and Telegraph Co. v. United States,* 177 F.3d 1368, 1381–84 (1999) (Plager, J., dissenting-in-part and concurring-in-part).

law could qualify for membership in a collective bargaining unit, and thereby gain access to a process for pursuit of job-related grievances. Congress did not assure that a union would be up and running for every postal operation, ready to receive membership applications from nonmanager, nonsupervisor, or nonconfidential-personnel employees of the postal service. We must attend to the jurisdiction of the Board, from which our jurisdiction depends. Nothing in the statutes or our precedent, including *McCandless*, suggests that a person who is found, by substantial evidence, to fail the jurisdictional tests of section 1005 nevertheless may appeal to the Board on a showing that, in fact, such person had no readily available collective bargaining unit to which a grievance could be taken. Thus, the issue is not, as the dissent argues, whether Carrier had an opportunity to join a bargaining unit, or even whether such a unit existed.

Carrier has not established that, as a matter of law, his work assignment precluded him from membership in a bargaining unit. Nor has Carrier responded to the agency's assertion that persons who have held similar positions to Carrier have nonetheless been deemed eligible for membership in a collective bargaining unit. *See United States Postal Serv.*, 232 N.L.R.B. 556, 97 L.R.R.M. (BNA) 1062 (1978). In fact, Carrier does not assert that he has been told that he could not join a collective bargaining unit. To the contrary, Carrier's brief suggests that a collective bargaining unit may be "in the making" for employees such as himself. Carrier sees that possibility as a disservice to the efficiency of the postal service, arguing that persons with as much management and supervisory involvement as himself, were they union members, would be unable to manage and supervise effectively. Those concerns, however real, are not for us to consider. We are called on to decide only if the Board erred when it

concluded that Carrier has not proven that he was a manager, supervisor, or confidential-personnel employee.

Since we hold that the Board did not err in its conclusion that it was without jurisdiction over Carrier's appeal, we must affirm the Board's decision dismissing Carrier's appeal for want of jurisdiction.

*AFFIRMED.*

PAULINE NEWMAN, Circuit Judge, dissenting.

In this eighth action occupying over six years during which Mr. Carrier has sought access to the appellate path to which his position commits him, this court now decides, in essence, that Mr. Carrier has no path of appeal. That can not be correct, for by statute he is authorized, depending on his position with the Postal Service, either to appeal to the Merit Systems Protection Board or to seek relief through a collective bargaining procedure. The panel majority has imposed an unreasonable and incorrect burden, and has defeated the purposes, as applied to Postal Service employees, of both the MSPB and the NLRB statutes.

A

The path of appeal by Postal Service employees is established by statute. It is neither discretionary nor flexible. Before the Postal Reorganization Act of 1970(PRA), 39 U.S.C. § 101 *et seq.*, nonbargaining employees of the Postal Service could appeal an adverse personnel action to the United States Civil Service Commission. *See* H.R. Rep. 99–400, at 2 (1985). However, after the Postal Service reorganization and before enactment of the Postal Employees Appeal Rights Act (PEARA) of 1987, Pub.L. No. 100–90, 101 Stat. 673, *codified at* 39 U.S.C. § 1005, only Postal employees who were veterans (*i.e.*, "preference eligibles") or who were covered by

collective bargaining agreements that provided for arbitration could appeal adverse personnel actions to the MSPB. Specifically, before enactment of the PEARA, preference eligibles had the right to appeal adverse personnel actions to the MSPB, but supervisors, management, and other nonbargaining unit employees who were not veterans were limited to the Postal Service's internal grievance procedure—a limitation that Congress found to be flawed. *See id.* at 2, 4. In short, prior to the PEARA, supervisors and management employees who were veterans had the right to appeal to the MSPB while their non-veteran counterparts did not. *See id.* at 2–3. The PEARA was designed to remedy this inequity.

Congressman Dymally, the principal sponsor of the legislation, explained that the PEARA was designed to cover only employees who did not have a choice as to whether to join a collective bargaining unit, that is, those employees *"who do not have the right, under Title 39, U.S.C., to join a bargaining unit." Postal Employees Appeal Rights: Hearing on S. 541 Before the Subcomm. on Federal Services, Post Office, and Civil Service of the Comm. on Governmental Affairs, United States Senate,* 100th Cong. 79–81 (1987) (emphasis in original). Congressman Dymally recognized that some employees eligible to join a bargaining unit could choose not to do so, and explained that if an employee did not have the right to choose to join a collective bargaining unit, then under the PEARA that employee could appeal to the MSPB. *Id.* at 80–81.

Whether a Postal Service employee is in a nonbargaining position is determined in accordance with the rules of the National Labor Relations Board (NLRB), a relationship that flowed from the independent status of the Postal Service. *See* 39 U.S.C. § 1202; *McCandless v. Merit Sys. Protection Bd.,* 996 F.2d 1193, 1198 (Fed.Cir. 1993). Pursuant to the PRA, the NLRB

rules control the determination of which Postal Service employees are entitled to participate in collective bargaining and the grievance procedures thereby established. The NLRB rules exclude from access to collective bargaining certain classes of employees, including supervisors, management, and confidential employees. *See* 39 U.S.C.§ 1202. These excluded employees do not have access to the grievance procedures accorded to bargaining positions. However, the PEARA authorizes these employees to appeal an adverse employment action to the MSPB. *See* 39 U.S.C. § 1005(a)(4)(A)(ii). This is the appeal right that Mr. Carrier has been attempting to pursue.

**B**

The PRA and the PEARA together created a system whereby employees in bargaining positions may file grievances under the jurisdiction of the NLRB, while supervisors, managers, and confidential employees—who are ineligible for membership in bargaining units—have the right of appeal to the MSPB. *McCandless,* 996 F.2d at 1201–02. Thus the path whereby Postal Service employees may contest an adverse action depends on whether they are employed in a position entitled to or excluded from membership in a collective bargaining unit. *Id.*

Because of the NLRB's authority in Postal Service labor relations, the MSPB has recognized that in determining for appeal purposes whether a postal employee is a supervisor, manager, or confidential employee, the law of the NLRB shall govern. *See Anmuth v. United States Postal Serv.,* 45 M.S.P.R. 656, 660 (1990), *aff'd,* 932 F.2d 980, 1991 WL 46520 (Fed.Cir. 1991) (Table); *Benifield v. United States Postal Serv.,* 40 M.S.P.R. 50, 52 (1989). However, the Federal Circuit has explained that "MSPB reliance on NLRB precedent may not be rote, but must be

informed by an interpretation of the PRA and the PEARA...." *McCandless*, 996 F.2d at 1199. In particular, NLRB precedent is relevant only when the National Labor Relations Act is consistent with the PRA. *Id.* (citing *Nat'l Labor Relations Bd. v. United States Postal Serv.*, 833 F.2d 1195, 1198 (6th Cir.1987)).

The *McCandless* decision illustrates this relationship. The Postal Service had stipulated that Ms. McCandless was a confidential employee and that she could not join a bargaining unit, but the MSPB refused to accept that the Postal Service could determine the Board's jurisdiction. The Federal Circuit rejected the MSPB position:

> The Postal Service and the NLRB are not strangers to the statutory scheme that defines the jurisdiction of the MSPB. The MSPB inquiry into whether it has jurisdiction cannot be, as it was in McCandless, divorced from the factual record and the determination of the Postal Service or the NLRB as to the classification of the employee.

*McCandless*, 996 F.2d at 1202. We held that the MSPB was required to consider the job descriptions of the Postal Service employees and whether they were excluded from a bargaining unit. *Id.*

Acknowledging the significance of the employee's job description and the Postal Service's interpretation of an employee's bargaining rights, we held in *Carrier V* that "Carrier made a prima facie showing that the position he [held was] a 'nonbargaining' position." *Carrier v. Merit Sys. Protection Bd.*, 79 F.3d 1165, 1996 WL 91647, at \*1 (Fed.Cir.1996) (Table). We then remanded to the Board for the finding of whether the *prima facie* showing was rebutted, that is, whether Mr. Carrier could nonetheless have joined a bargaining unit. We held that if Mr. Carrier was ineligible for membership in a bargaining unit, then the Board was "obligated to follow our holding in *McCandless* and assume jurisdiction over Carrier's appeal."

On remand the administrative judge ruled that "[b]ecause the appellant [was] not shown to be a management official or supervisor or an employee engaged in personnel work, he was not excluded as a matter of law from a collective bargaining unit pursuant to 39 U.S.C. § 1202." *Carrier v. United States Postal Serv.*, Docket No. DC0752930121–M–1, slip op. at 3–4 (M.S.P.B. August 13, 1996) (*Carrier VI*). Adopting the reasoning of his earlier, vacated decision, the administrative judge analyzed Mr. Carrier's position description, which referred to Mr. Carrier's position as "nonbargaining." The description stated that the position was to be filled in accordance with "Handbook EL–311, Section 540–Selection Policies for Nonbargaining Positions." The administrative judge ruled that Mr. Carrier had provided no evidence "that this notation should be construed as precluding the appellant's membership in a collective bargaining unit," and thus that Mr. Carrier "has not met his burden of establishing that he was ineligible to join a collective bargaining unit...." *Id.* at 4. The full Board affirmed, with the following analysis:

> This evidence indicates that selection rules arrived at by collective bargaining did not apply to the appellant's position because it was not currently covered by the collective bargaining agreement. It does not resolve the question of whether the incumbent of the position was ineligible for collective bargaining as a matter of law. If it answered this question the court's remand would have been unnecessary.

*Carrier v. United States Postal Serv.*, 78 M.S.P.R. 404, slip op. at 9 (1998) (*Carrier VII*). This is the decision now before us.

### C

Mr. Carrier bears the burden of establishing that the MSPB has jurisdiction of

his appeal. *See* 5 C.F.R. § 1201.56(a)(2) (1998); *Link v. Department of the Treasury*, 51 F.3d 1577, 1581 (Fed.Cir.1995). He presented evidence that, *prima facie*, met this burden. It was not disputed that the Postal Service described the position as a "nonbargaining position." The Postal Service does not dispute that this designation would have barred him from joining a bargaining unit. Mr. Carrier was a senior employee with over 23 years of service, and his personnel documents in the record state that he received "management increases" in pay. He was employed at the national headquarters of the Postal Service in Washington, D.C. and was shown to have served as Acting General Manager for the Service/Quality Performance Division. One of his superiors testified that he played a role in formulating high level policies, at least some of which required approval at the highest levels of the Postal Service. These facts were undisputed, and comprised the *prima facie* case that shifted to the Postal Service the burden of coming forward with contrary evidence. No sufficient evidence was forthcoming from which the Board could reasonably support its conclusion that Mr. Carrier was somehow eligible for a collective bargaining remedy.

In its brief on appeal, the Postal Service concedes that "Mr. Carrier was a nonbargaining employee." Nonetheless, the MSPB argues that he must show that he had demanded and had been refused bargaining rights, pointing to the case of *United States Postal Service*, 232 N.L.R.B. 556, 1978 WL 7148 (1978). In that case a group of Postal Service employees had, after extensive effort and litigation, obtained from the NLRB the right to organize into a bargaining unit. The MSPB, and my colleagues on this panel, suggest that Mr. Carrier had to engage in unsuccessful attempts to join a bargaining unit before the Postal Service's designation of his position as "nonbargaining" could be recognized by the MSPB.

That is not an appropriate burden to impose on an employee as a prerequisite to access to the statutory path of appeal. Jurisdictional access to the allocated appeal rights, as between collective bargaining procedures and the MSPB, does not contemplate that an employee who is explicitly designated as nonbargaining must engage in a unionizing revolt and NLRB litigation before he can embark on the path of appeal to which the statute has assigned him.

The Postal Service does not suggest that Mr. Carrier could unilaterally transform his position from nonbargaining to bargaining. Instead, he would have to either be admitted to a bargaining unit from which he is now excluded, or start a new union and obtain NLRB approval; neither path is acknowledged by the Postal Service as appropriate. Nonetheless, now that Mr. Carrier is no longer employed, the Postal Service has taken the litigation position that despite the longstanding and unchallenged "nonbargaining" official description of his position and despite the other evidence of record, he must prove that no bargaining unit would accept him. The panel majority agrees with this curious position.

The evidence established *prima facie* that Mr. Carrier was not eligible to join a bargaining unit. The burden of coming forward with contrary evidence shifted to the Postal Service. The Postal Service presented no evidence whatsoever that Mr. Carrier was eligible to join a bargaining unit during his employment. Its own documents and the undisputed evidence of record point in the opposite direction. Thus, the Postal Service did not meet its evidentiary burden. The argument that Mr. Carrier "chose" not to exercise his bargaining rights comes with poor grace, for the Postal Service documents state plainly that this position was nonbargaining. By classifying Mr. Carrier's position as nonbargaining, the Postal Service ne-

gated any choice to join a bargaining unit. The purpose of the PEARA was to assure appeal rights to the MSPB, to those Postal Service employees who had no right to choose the collective bargaining procedure.

The *McCandless* decision directs the MSPB, in deciding whether an appeal is properly before it, to consider the relevant official documents. *See McCandless*, 996 F.2d at 1202 (vacating and remanding because, among other things, the MSPB "failed to consider the job descriptions of the affected Postal Service employees with respect to their exclusion from any collective bargaining unit and significance of that exclusion to the affected employees' appeal rights to the MSPB"). When the Postal Service classified Mr. Carrier's position as "nonbargaining," in administration of the standards set by the National Labor Relations Act and in recognition of the management nature of this position, *see Waldau*, 19 F.3d at 1399 (describing NLRB management criteria), the Postal Service excluded Mr. Carrier from membership in a bargaining unit. This status can not, years later, be casually denied by the Postal Service when the employee seeks to follow the appeal path to which the Postal Service committed him.

Barring Mr. Carrier from access to the MSPB path of appeal thwarts the PRA–PEARA statutory plan. I must, respectfully, dissent.