Linda REEDY, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

No. 01–3041.

United States Court of Appeals,
Federal Circuit.

May 14, 2001.

Before MICHEL, RADER, and BRYSON, Circuit Judges.

PER CURIAM.

On the United States Postal Service's cross petition for review, the Merit Systems Protection Board dismissed Ms. Linda Reedy's appeal for lack of jurisdiction because Ms. Reedy was neither a preference eligible employee, a supervisor, nor a manager. *Reedy v. United States Postal Serv.,* CH–0752–98–0542–B–1 (M.S.P.B. Mar. 16, 2000) (*Initial Decision*), *review denied by* CH–0752–98–0542–B–1 (M.S.P.B. Aug. 28, 2000) (*Review Denial*). Because the Board correctly decided that it lacked jurisdiction, this court *affirms.*

## I.

The Postal Service removed Ms. Reedy from her EAS–16 Customer Service Representative position because she was unable to meet the requirements of her position. Ms. Reedy appealed the removal to the Board. The Postal Service then rescinded the removal action, alleged that it had returned Ms. Reedy to status quo ante, and filed a motion to dismiss the appeal as moot. An administrative judge granted the Postal Service's motion to dismiss the appeal as moot. *Reedy v. United States Postal Serv.,* CH–0752–98–0542–I–1 (M.S.P.B. Feb. 23, 1999).

Ms. Reedy filed a petition for review of the administrative judge's decision, arguing that the Postal Service had not returned her to status quo ante. Besides responding that it had returned Ms. Reedy to status quo ante, the Postal Service cross petitioned for review, arguing that the Board lacked jurisdiction over Ms. Reedy's appeal because she was not a preference eligible employee, a supervisor, or a manager. The Board remanded the matter for an administrative judge to determine whether the Board had jurisdiction over Ms. Reedy's appeal. *Reedy v. United States Postal Serv.,* CH–0752–98–0542–I–1 (Nov. 23, 1999).

On remand, the administrative judge held a hearing and found that Ms. Reedy was not a preference eligible employee, a manager, or a supervisor. *Initial Decision,* slip op. at 2–4. Additionally, the administrative judge found that Ms. Reedy was not prohibited from joining a collective bargaining unit. *Id.* at 4. Accordingly, the administrative judge dismissed the appeal. *Id.* at 5. The Board denied Ms. Reedy's petition for review, making the administrative judge's decision final. *Review Denial,* slip op. at 1–2. Ms. Reedy petitions this court for review of the Board's final judgment. This court has jurisdiction under 28 U.S.C. § 1295(a)(9) (1994).

## II.

■ This court affirms Board decisions unless they are "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994). This court reviews jurisdictional questions as questions of law without deference. *Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed. Cir.1999). The burden of showing jurisdiction is on Ms. Reedy. *Id.*

An employee of the Postal Service has the right to appeal to the Board upon completion of at least one year of service and a showing of proper status as either a preference eligible employee, a manager, a supervisor, or an employee engaged in personnel work doing other than purely confidential clerical work. 5 U.S.C. § 7511(a)(1)(B)(ii) (1994); 39 U.S.C. § 1005(a)(4)(A) (1994). Before this court, Ms. Reedy argues that the Board had jurisdiction because she was prohibited from joining a collective bargaining unit.

■ If an employee is barred as a matter of law from joining a bargaining unit because she is a manager, supervisor, or a confidential-personnel employee under 39 U.S.C. § 1202 (1994), that employee "by statutory definition has appeal rights to the Board" under § 1005(a)(4)(A)(ii). *Carrier v. Merit Sys. Prot. Bd.*, 183 F.3d 1376, 1378 (Fed.Cir.1999). Ms. Reedy did not present any evidence to the administrative judge to show that she was barred as a matter of law by § 1202 from joining a collective bargaining unit. Accordingly, the administrative judge did not err in holding that § 1202 did not prohibit Ms. Reedy from joining a collective bargaining unit or in holding that the Board lacked jurisdiction over Ms. Reedy's appeal.

■ In petitioning the Board for review of the administrative judge's decision, Ms. Reedy submitted a printed E-mail message. Ms. Reedy asserted the E-mail message was evidence that the Postal Service considered a "Business Center Specialist/Rep" to be a non-bargaining unit position. Ms. Reedy further alleged that this position was a customer service representative position in the business centers. The Board may grant petitions for review on the basis of newly submitted material evidence if "despite due diligence, [the evidence] was not available when the record closed." 5 C.F.R. § 1201.115(d)(1) (2000). Ms. Reedy has not shown that, despite due diligence, the evidence was unavailable to her when the record closed. The E-mail is dated December 14, 1999, approximately two months prior to the jurisdictional hearing before the administrative judge and approximately three months before the administrative judge issued his initial decision. Neither Ms. Reedy's petition for review submitted to the Board nor Ms. Reedy's submissions to this court explain why the E-mail was previously unavailable. Accordingly, the Board did not abuse its

discretion in denying Ms. Reedy's petition for review.

Ms. Reedy has also made several arguments to support her allegations that the Postal Service failed to return her to status quo ante. However, the Board correctly declined to address those arguments because it lacked jurisdiction over Ms. Reedy's appeal. This court also declines to address those arguments.