Clete E. COURSEN, Petitioner,

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

No. 00–3322.

United States Court of Appeals, Federal Circuit.

July 16, 2001.

Kevin A. Graham, Flook & Graham, P.C., of Liberty, MO, argued for petitioner.

Robert P. Sindermann, Jr., Attorney, Legal Policy Section, Law Department, United States Postal Service, of Washington, DC, argued for respondent. With him on the brief was Lori J. Dym, Attorney. Of counsel were John S. Groat, Attorney; David M. Cohen, Director; and James M. Kinsella, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, of Washington, DC.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

LOURIE, Circuit Judge.

Clete E. Coursen petitions for review of the final decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. *Coursen v. United States Postal Serv.*, 86 M.S.P.R. 39, No. CH–0752–99–0538–I–1 (M.S.P.B. Mar.24, 2000) (final order). Because Coursen was not a supervisor or a management employee within the meaning of 39 U.S.C. § 1005(a)(4)(A)(ii), we affirm.

## BACKGROUND

Mr. Coursen was employed as an "Account Representative" with the United States Postal Service ("the agency" or "the Postal Service") in Kansas City, Missouri. *Coursen v. United States Postal Serv.*, No. CH–0752–99–0538–I–1, slip op. at 1 (M.S.P.B. Sept.23, 1999) (initial decision). His position description indicated that his duties included working independently to develop relationships with commercial business customers in order to sell postal products and services to the customers within a district. *Id.* at 3. In December 1995, Coursen received a notice of proposed removal for submitting false sales and daily activity reports, and for misusing Postal Service equipment by downloading pornography onto an agency computer while on duty. On January 3, 1996, the agency issued Coursen a letter of decision stating that his removal would be effective January 26, 1996.

After his removal, Coursen filed an appeal to the Board, asserting jurisdiction under the Postal Employees Appeal Rights Act ("PEARA"), 39 U.S.C. § 1005(a)(4). In an initial decision, the administrative judge ("AJ") dismissed Coursen's appeal for lack of jurisdiction, concluding that Coursen lacked standing to appeal his removal to the Board because he had failed to show by a preponderance of the evidence that he was employed as a "supervisor or management employee" within the meaning of 39 U.S.C. § 1005(a)(4)(A)(ii). *Id.* at 1, 4.

Coursen appealed the AJ's initial decision to the full Board. The Board denied

his petition for review, thus rendering the initial decision final. 5 C.F.R. § 1201.113(b) (2000). Coursen timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1994).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1994); *Gibson v. Dep't of Veterans Affairs,* 160 F.3d 722, 725 (Fed.Cir. 1998).

■■■ The Board's jurisdiction is not plenary, but is limited to adverse personnel actions made appealable to it by law, rule, or regulation. 5 U.S.C. § 7701(a) (1994); *Middleton v. Dep't of Def.,* 185 F.3d 1374, 1379 (Fed.Cir.1999). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law that we review *de novo. Middleton,* 185 F.3d at 1379. The burden of establishing jurisdiction is on the petitioner. *Herman v. Dep't of Justice,* 193 F.3d 1375, 1378 (Fed. Cir.1999).

Coursen argues that the Board erred in dismissing his appeal for lack of jurisdiction. Coursen contends that he was entitled to appeal to the Board because he was ineligible to join a collective bargaining unit ("CBU") and because he performed the job functions of a managerial and supervisory employee. The agency responds that the Board did not err in dismissing Coursen's appeal because Coursen was not a "supervisor or management employee" under 39 U.S.C. § 1005(a)(4)(A)(ii). The agency also argues that Coursen failed to show that, as a matter of law, he was ineligible for membership in a CBU.

■■■ We agree with the agency that Coursen was not entitled to appeal to the Board. Under PEARA, a Postal Service employee has the right to appeal an adverse personnel decision to the Board if he has completed at least one year of continuous service and is in the position of a "supervisor or a management employee," or is engaged in personnel work in other than a purely nonconfidential clerical capacity. 39 U.S.C. § 1005(a)(4)(A)(ii) (1994).\* Thus, status as a supervisor or a management employee entitles a Postal Service employee to appeal to the Board. In addition, the law provides that a Postal Service employee is precluded from joining a CBU if that employee is a "management official or supervisor," or is engaged in personnel work in other than a purely nonconfidential clerical capacity. 39 U.S.C. § 1202 (1994). Accordingly, if a Postal Service employee is barred as a matter of law from joining a CBU because he is a supervisor or manager under § 1202, that employee "by statutory definition has appeal rights to the Board under [§ ] 1005(4)(A)(ii)." *Carrier v. Merit Sys.*

---

\* Section 1005(a) states in relevant part:

(4)(A) Subchapter II of chapter 75 of title 5 [identifying the federal employees entitled to appeal to the Board] shall apply—

. . .

(ii) to any other individual who—

(I) is in the position of a supervisor or a management employee in the Postal Service, or is an employee of the Postal Service engaged in personnel work in other than a purely nonconfidential clerical capacity; and

(II) has completed 1 year of current continuous service in the same or similar positions.

39 U.S.C. § 1005(a)(4)(A); *see also* 5 U.S.C. § 7513(d) (1994) ("An employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title.").

*Prot. Bd.*, 183 F.3d 1376, 1378 (Fed.Cir. 1999) (citing *McCandless v. Merit Sys. Prot. Bd.*, 996 F.2d 1193, 1201 (1993)).

■ We agree with the agency that Coursen failed to demonstrate that he was a supervisor or management employee within the definition of § 1005(a)(4)(A)(ii). While Coursen argues that he was previously a Postal Service superintendent, occasionally performed as an acting manager and supervisor, took management training courses, and joined an association for supervisors, such activity does not demonstrate that he was a supervisor or management employee for the purposes of 39 U.S.C. § 1005(a)(4)(A)(ii). The AJ specifically found that Coursen's position description did not reflect that he "supervised" other employees. *Coursen,* slip op. at 2. Moreover, Coursen failed to show that he had the authority to discharge or discipline others, or that his own evaluation was based on the performance of his subordinates. *See Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1318 (Fed.Cir.1998) (explaining that the authority to discharge or discipline others and accountability for the performance of subordinates are generally critical components of supervisory status).

The AJ also determined that Coursen's position was not "managerial" in nature. *Coursen,* slip op. at 3. Although Coursen's position description indicated that he worked independently to develop relationships with commercial business customers, the AJ found that the evidence did not reflect that Coursen assisted in the formulation of management policies. *Id.; see also Bolton,* 154 F.3d at 1318 ("[M]anagerial employees are those who 'formulate and effectuate management policies by expressing and making operative decisions of their employer.'" (quoting *Waldau v. Merit Sys. Prot. Bd.*, 19 F.3d 1395, 1398 (Fed. Cir.1994))). Accordingly, we conclude that substantial evidence supports the Board's

finding that Coursen was neither a supervisor nor a management employee.

■ We also agree with the agency that Coursen failed to demonstrate that he was barred as a matter of law from joining a CBU. Although Coursen was not a member of a CBU, and therefore was a "nonbargaining" employee, there is no indication that Coursen ever attempted to join a CBU and was denied membership. Nor has Coursen shown any legal authority suggesting he was ineligible for such membership as a matter of law. Based on these facts, we conclude that Coursen failed to demonstrate that he was precluded as a matter of law from joining a CBU. *See Bolton,* 154 F.3d at 1321 (concluding that a Postal Service employee failed to show that he was ineligible for CBU membership, where such employee did not show that he applied to a CBU and was denied membership, or show any legal authority suggesting that he was ineligible for CBU membership as a matter of law).

Moreover, neither the agency's description of Coursen's position as a "non-bargaining" position, nor the absence of an existing CBU for Coursen to join, leads to a contrary conclusion. *See Carrier,* 183 F.3d at 1379 ("Contrary to the suggestions of the dissent, we may not reach the opposite conclusion based on the facts that the postal service described Carrier's position as nonbargaining and that there may presently be no bargaining unit in existence for Carrier to join."). In *Carrier,* we explained:

Congress did not assure that a union would be up and running for every postal operation ... We must attend to the jurisdiction of the Board, from which our jurisdiction depends. Nothing in the statutes or our precedent, including *McCandless,* suggests that a person who is found, by substantial evidence, to fail the jurisdictional tests of section 1005

nevertheless may appeal to the Board on a showing that, in fact, such person had no readily available collective bargaining unit to which a grievance could be taken. *Id.* at 1380.

 The dissent notably fails to cite or distinguish either *Bolton* or *Carrier,* and instead, mistakenly relies on *National Labor Relations Board v. Kentucky River Community Care, Inc.,* —— U.S. ——, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001), for the proposition that the burden of proving that an employee was misclassified is "on the party presenting the challenge." The dissent erroneously suggests that, under *Kentucky River,* the agency bore the burden of showing that it had misclassified Coursen as a "nonbargaining" employee.

Neither party challenges Coursen's designated status as a "nonbargaining" employee and the agency readily acknowledges that Coursen was not a member of a CBU. Moreover, the issue is not whether the agency had correctly classified his position as "nonbargaining." Rather, it is whether he was precluded as a matter of law from joining a CBU and thus was a supervisor or management employee for the purposes of § 1005(a)(4)(A)(ii). As the party asserting supervisory status, the burden of proof was on Coursen, not the agency. *Kentucky River,* —— U.S. at ——, 121 S.Ct. at 1866. In *Kentucky River,* the Supreme Court expressly deferred to the Board's rule that the burden of proving an employee's supervisory status under the National Labor Relations Act, 29 U.S.C. § 152(11), is "borne by the party claiming that the employee is a supervisor." *Id.* The Court further explained:

> [I]t is easier to prove an employee's authority to exercise ... supervisory functions than to disprove an employee's authority to exercise any of those functions, and practicality therefore favors placing the burden on the party asserting supervisory status. We find that the

Board's rule for allocating the burden of proof is reasonable and consistent with the Act, and we therefore defer to it. *Id.* Thus, the burden of proof was clearly on Coursen.

Because substantial evidence supports the Board's findings that Coursen failed to demonstrate that he was a supervisor or management employee under 39 U.S.C. § 1005(a)(4)(A)(ii), or that he was precluded as matter of law from joining a CBU, we must affirm.

## CONCLUSION

Because Coursen has not demonstrated that he was a supervisor or management employee within the meaning of 39 U.S.C. § 1005(a)(4)(A)(ii), the Board did not err in dismissing his appeal, and we therefore

*AFFIRM.*

NEWMAN, Circuit Judge, dissenting.

I respectfully dissent, for this decision contravenes statute and controlling precedent. After Mr. Coursen had ten years of employment in a position classified by the Postal Service as a non-bargaining, management position, it is not appropriate for the MSPB and this court to require him to prove that he is entitled to non-bargaining status, for example by having attempted and failed to join a bargaining unit.

### A

The MSPB has now taken unto itself the authority to review Postal Service position classifications. These MSPB reviews are not based on Fair Labor Standards Act standards or National Labor Relations Board criteria, or even on Postal Service classification guidelines. In Mr. Coursen's case, the reclassification appears to be based on an undefined concept of what a "manager" does, unencumbered by the

paraphernalia of decades of labor law and practices.

By its holding that Mr. Coursen should not have been classified as a non-bargaining management employee, the MSPB removes him from the MSPB appeal path, although the Postal Service classification entitles him to this appeal path. In this curious posture the Postal Service is an apparently willing accomplice, for it has neither asserted that the MSPB is intruding beyond its authority, nor attempted to defend the correctness of the Postal Service classification. However, the Postal Service has not reclassified Mr. Coursen's position, or admitted to error in its classification. Nonetheless, the Postal Service presses the litigation position that Mr. Coursen must now prove that he was correctly classified by the Postal Service. The result of this opportunistic and now successful argument is that the MSPB and this court have denied Mr. Coursen the appeal rights of a non-bargaining employee; and since he was a non-bargaining employee throughout his employment, he is also barred from invoking the grievance procedures available to bargaining unit employees.

The statutory plan of the PRA (Postal Reorganization Act of 1970) and the PEARA (Postal Employees Appeal Rights Act) deliberately and carefully avoids the creation of Postal Service employees "with neither grievance nor appeal rights." *McCandless v. Merit Sys. Prot. Bd.*, 996 F.2d 1193, 1201–02 (Fed.Cir.1993). The overreaching by the MSPB and departure from statute insert unwarranted uncertainty into a once-straightforward designation of the applicable path of appeal, for now the aggrieved employee may first have to litigate the Postal Service's classification, before the MSPB will accept his appeal.

Position classification as "bargaining" or "non-bargaining" is performed by the Postal Service in accordance with the Fair Labor Standards Act and NLRB rules. The rules for such classification are rigorous and well-established, and they are administered by a complex of laws and agencies. Classification for purposes of collective bargaining eligibility, when challenged, is decided through procedures administered by the NLRB. Courts having jurisdiction of such disputes will not disturb the NLRB's classification unless it is clearly arbitrary or unreasonable. *See National Alliance of Postal and Federal Emp. v. Klassen*, 514 F.2d 189 (D.C.Cir. 1975).

When the Postal Service has classified a position as non-bargaining in accordance with the requisite FLSA criteria, the employer and the employee are committed to the rights and burdens of that classification. The MSPB has no authority to change a Postal Service position classification. Further, the Postal Service's classification of Mr. Coursen's position is not directly reviewable by the courts. *See American Federation of Labor v. Nat'l Labor Relations Bd.*, 308 U.S. 401, 409–11, 60 S.Ct. 300, 84 L.Ed. 347 (1940) (Direct judicial review of representation determinations is unavailable.) Nor is it indirectly reviewable by the MSPB and the Federal Circuit.

The panel majority, in undertaking to analyze Mr. Coursen's position description and responsibilities in order to review the MSPB decision, misperceives the issue. The framework of Postal Service labor practices does not authorize MSPB review of Postal Service classification of positions as bargaining or non-bargaining. The MSPB has jurisdiction neither to review the Postal Service criteria, nor to set its own criteria.

The Postal Service, having officially classified the position held by Mr. Coursen, and maintained the classification without challenge by union or agency, can not now

impeach its own classification in order to bar Mr. Coursen's appeal. Nonetheless, my colleagues hold that Mr. Coursen had to establish that he was "precluded as a matter of law" from joining a collective bargaining unit in order to exercise his right to appeal to the MSPB. However, the Postal Service designated his status as non-bargaining, and his employment records designate "management" status. There was no evidence of his eligibility and right to join a bargaining unit. Indeed, at oral argument the Postal Service conceded that it knew of no bargaining unit for which Mr. Coursen might have been eligible. On the undisputed premises, Mr. Coursen's designated status as a non-bargaining management employee must be accepted by the MSPB.

**B**

Even if the MSPB and this court do have authority to change the Postal Service's classification of Mr. Coursen's position, the burden of proof was incorrectly placed. The panel majority holds that Mr. Coursen was required to demonstrate, by "a preponderance of evidence," that the Postal Service correctly classified his position. However, the proper placement of the burden is on the attacker of the classification. In *National Labor Relations Board v. Kentucky River Community Care, Inc.,* —— U.S. ——, 121 S.Ct. 1861, 149 L.Ed.2d 939 (2001) the Court con-

firmed that the burden of proof in a challenge of supervisory status is on the party presenting the challenge, whether the classification is challenged by the employer, the Court citing *Masterform Tool Co.,* 327 N.L.R.B. 1071, 1071–72 (1999), or by the union, the Court citing *Panaro and Grimes,* 321 N.L.R.B. 811, 812 (1996). *Id.,* —— U.S. at ——, 121 S.Ct. at 1866. Thus the Postal Service bore the burden of showing that it misclassified Mr. Coursen.[1] The Postal Service did not show that it had made a mistake.

It contravenes *Kentucky River* for the MSPB to place the burden on Mr. Coursen, whose position was classified as "non-bargaining" by the Postal Service, to prove that the Postal Service had correctly classified his position. And as I have discussed, the matter of erroneous classification, if raised by the Postal Service, is resolved in accordance with the FLSA and NLRB procedures, not by the MSPB.

The Federal Circuit should correct, not endorse, these errors.

---

1. The panel majority takes issue with the applicability of the burden of proof placement by *Kentucky River* on the party that seeks to establish supervisory (or management) status in accordance with NLRB rules. However, the Postal Service has *already* classified Mr. Coursen as "management" under NLRB rules. *See, e .g.,* Notification of Personnel Action showing "management increase" from May 10, 1985; "management increase" July 19, 1986; "management cola" Nov: 4, 1989; "management cola" May 5, 1990; "management increase" July 15, 1990. In 1987, 1988, and 1991 Mr. Coursen attended Bolger Man-

agement Academy in Potomac, Maryland. In 1993 he took the course "Administrative Management for Postmasters." It is not that Mr. Coursen asserts management status that he does not have; rather, the Postal Service so classified Mr. Coursen at least as early as December 21, 1985. It is the Postal Service that now proposes to change his status, not Mr. Coursen. It is not disputed that throughout the period of his employment he was classified as management, his position was non-bargaining, and he was precluded by law from joining a bargaining unit.