# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

D'ANDREA L. HARRIS,
        Appellant,

        v.

UNITED STATES POSTAL SERVICE,
        Agency.

DOCKET NUMBER
CH-0752-16-0501-I-1

DATE: December 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Catherine O. Marks, Chicago, Illinois, for the appellant.

Rebecca L. Heeter, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed her suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant, who is employed as a Level 07 Lead Sales Clerk, filed a Board appeal, challenging the agency's decision to place her in an emergency off-duty status (without pay) and change her work schedule. Initial Appeal File (IAF), Tab 1 at 2, Tab 9, Initial Decision (ID) at 2. She alleged the actions were taken in reprisal for her equal employment opportunity (EEO) activity. IAF, Tab 1 at 2. The administrative judge apprised the appellant of her burden to establish jurisdiction over her appeal, including that she was a Postal employee over whom the Board had jurisdiction, and afforded her an opportunity to provide additional argument and evidence on the jurisdictional issue. IAF, Tab 2 at 2-3. The appellant's response only provided more details about the complained-of personnel actions and her reprisal claims, which were immaterial to the identified jurisdictional issue. IAF, Tab 7.

¶3      The administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction, without holding the appellant's requested hearing. IAF, Tab 1 at 1, ID at 7. The administrative judge considered the undisputed facts that

the appellant had served in the U.S. Army from August 6, 1980, until she was honorably discharged on October 27, 1981, and that at the time of filing her appeal, she had completed 1 year of current, continuous service. ID at 2, 4. She nonetheless found that the appellant did not nonfrivolously allege that she was an employee, as defined by 5 U.S.C. § 7511(a)(1)(B) or 39 U.S.C. § 1005(a)(4), with chapter 75 adverse action appeal rights. ID at 3-7. Specifically, the administrative judge found that the appellant was not a manager, supervisor, or confidential employee. ID at 4. She further found that the appellant was not preference eligible, as she did not meet the statutory definition of a veteran because she did not serve during the time periods enumerated in 5 U.S.C. § 2108(1) or receive a campaign badge or expeditionary medal, and she did not claim to be or provide evidence that she was a disabled veteran. ID at 4-6. The administrative judge also noted that this finding was consistent with the appellant's initial appeal form, in which she indicated that she was not entitled to veterans' preference. ID at 6. Finally, she found that in the absence of an otherwise appealable action, the Board lacked jurisdiction over the appellant's EEO reprisal claims. ID at 7.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response, to which the appellant has replied. PFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 To appeal an adverse action under chapter 75, a Postal Service employee must be covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B). 5 U.S.C.

---

[2] On September 13, 2016, the appellant filed with the Board's Central Regional Office her "Response to Jurisdiction," challenging the administrative judge's dismissal of her appeal. PFR File, Tab 1 at 3, 5, 24. The Central Regional Office forwarded the filing to the Clerk of the Board, who properly docketed it as a petition for review. PFR File, Tab 1 at 2, 5-7; *see* 5 C.F.R. § 1201.114(a)(1) (explaining that a petition for review is a pleading in which a party contends that an initial decision was incorrectly decided in whole or in part).

§ 7511(b)(8). Thus, the individual must be a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity; and must have completed 1 year of current continuous service in the same or similar position. *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).

¶6      The appellant challenges the administrative judge's finding that her position is not supervisory or managerial, arguing, for the first time on review, that her position is equivalent to a supervisory position. PFR File, Tab 1 at 5-7. She further claims, for the first time on review, that she is entitled to veterans' preference because she is a "service connected veteran." *Id.* She seeks to provide new evidence in support of those contentions: (1) a document, dated March 19, 1987, indicating that she was discharged from the U.S. Army Reserves on that date; (2) an undated position description and qualification standards for her position; and (3) a Department of Labor, Family Medical Leave Act certification prepared by her physician in 2014 concerning her health condition at that time.[3] PFR File, Tab 1 at 9-17.

¶7      The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980). Furthermore, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). However, because the appellant's new evidence and argument implicates the Board's jurisdiction, we

---

[3] The remaining documents that the appellant attaches to her petition for review relate to the merits of the agency's action. PFR File, Tab 1 at 7, 18-23. Therefore, we decline to consider them further. *Becker v. Department of Veterans Affairs*, 112 M.S.P.R. 507, ¶ 9 (2009) (observing that if the threshold issue is jurisdiction, new evidence only is material on review if it warrants a different outcome on the jurisdictional question).

will consider them. *See Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003) (considering new arguments raised by an agency on review because the issue of jurisdiction can be raised at any time).

¶8    This new evidence does not support the appellant's contentions that she is preference eligible as defined by 5 U.S.C. § 2108(3), or that she is a manager or supervisor under 39 U.S.C. § 1005(a)(4)(A)(ii). The appellant's membership in a bargaining unit precludes her from being a manager or supervisor. 39 U.S.C. § 1202(1); *see Carrier v. Merit Systems Protection Board*, 183 F.3d 1376, 1378 (Fed. Cir. 1999) (recognizing that managers, supervisors, and confidential employees are barred as a matter of law from membership in a collective bargaining unit). Further, honorable service in the reserves, without more, does not qualify an individual as a preference eligible. *See generally* 5 U.S.C. § 2108(3) (setting forth the requirements for preference eligibility). Finally, there is no indication that the appellant's medical condition, which her physician indicates began in 1990, is related to her military service. PFR File, Tab 1 at 15.

¶9    The appellant has not raised any additional challenges to or otherwise provided a basis for disturbing the administrative judge's findings that the appellant failed to nonfrivolously allege that she was an employee with adverse action appeal rights. We therefore deny the appellant's petition for review and affirm the administrative judge's dismissal of her appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:           /s/ for
                                         Jennifer Everling
                                         Acting Clerk of the Board

Washington, D.C.