**Sandra L. GREGORY, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 03–3148.

United States Court of Appeals, Federal Circuit.

DECIDED: April 16, 2004.

Jose L. Ongay, Philadelphia, PA, for Petitioner.

Joyce G. Friedman, Stephanie M. Conley, John C. Einstman, Mark A. Melnick, David M. Cohen, Washington, DC, for Respondent.

Before CLEVENGER, SCHALL, and BRYSON, Circuit Judges.

DECISION

PER CURIAM.

Petitioner Sandra Gregory appeals from a decision of the Merit Systems Protection Board, Docket No. PH–0752–02–0038–1–2, in which the Board held that it lacked jurisdiction over her appeal because she

was not a a manager or supervisor in the Postal Service. We *affirm*.

## BACKGROUND

Before October 6, 2001, Ms. Gregory was employed as an Area Mail Transport Equipment Specialist in the Postal Service's Allegheny Area office. In August 2001, the Postal Service proposed to remove Ms. Gregory from her position for allegedly causing a hostile working environment for another Postal Service employee. After having been given notice of the charge, Ms. Gregory challenged the proposed removal through appeal procedures within the Postal Service. Her challenge was successful in part, and her removal was mitigated to a demotion. Accordingly, in October 2001 she was demoted in pay and grade and was transferred to another position. Ms. Gregory then sought to appeal her demotion to the Merit Systems Protection Board.

Following Ms. Gregory's filing of her Board appeal, the administrative judge who was assigned to her case noted that there was a question whether the Board had jurisdiction over the appeal. After an evidentiary hearing on the jurisdictional question, the administrative judge concluded that Ms. Gregory had failed to establish that she fell within one of the special categories of Postal Service employees who have appeal rights before the Board. Accordingly, the administrative judge dismissed her appeal. Ms. Gregory filed a petition for review by the full Board, and when that petition was denied, she sought review by this court.

## DISCUSSION

The Merit Systems Protection Board has limited jurisdiction over appeals by employees of the Postal Service. In order to be entitled to review of adverse agency actions, a Postal Service employee must be either (1) a preference eligible employee (normally, a military veteran), (2) a supervisory or management employee, or (3) a confidential employee engaged in personnel work. 39 U.S.C. § 1005(a)(4)(A). It is undisputed that Ms. Gregory was not a preference eligible employee or a confidential employee engaged in personnel work, so in order to establish Board jurisdiction, she had to demonstrate that her position was that of a supervisor or manager.

The evidence before the administrative judge showed that Ms. Gregory's duties involved the management of mail transportation equipment. Specifically, she was responsible for analyzing transport equipment and making recommendations regarding its deployment; monitoring equipment supply chains; reviewing equipment inventory and recommending corrective action where necessary; providing guidance to employees in the proper handling, storage, and shipping of transport equipment; initiating requests for warehouse facilities of suitable size and location; and formulating and implementing procedures relating to empty equipment to respond to changes in processing and transportation networks. She argues that those duties rendered her a management employee and that her responsibilities with respect to other employees made her a supervisor. The administrative judge, after considering all the evidence offered regarding Ms. Gregory's position, concluded otherwise.

1. *Supervisor.*

The question whether an employee is a supervisor for purposes of Board jurisdiction is guided by the definition of "supervisor" in the National Labor Relations Act. *McCandless v. Merit Sys. Prot. Bd.*, 996 F.2d 1193, 1198–99 (Fed.Cir.1993). The National Labor Relations Act defines "supervisor" as follows:

The term "supervisor" means any individual having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.

29 U.S.C. § 152(11). In applying that standard to cases involving appeals by Postal Service employees to the Merit Systems Protection Board, this court has stated that the two activities most determinative of supervisory authority are: (1) the authority to discharge or discipline another employee (or to effectively do so through recommendation), and (2) the authority to direct the actions of other employees. *Bolton v. Merit Sys. Prot. Bd.*, 154 F.3d 1313, 1317–18 (Fed.Cir.1998).

Ms. Gregory argues that she was a supervisor at the time she was demoted, because her duties were to provide program oversight and technical guidance to other employees in the proper handling, storage, and shipping of mail transport equipment, to conduct evaluations of equipment handling, and to make recommendations for correcting problems in equipment allocation. In addition, she argues that she analyzed the duties of at least one other employee and approved leave requests.

Following the evidentiary hearing on jurisdiction, the administrative judge found that Ms. Gregory was not a supervisor. The administrative judge noted that she did not have authority to discipline or terminate employees and that she was not responsible for other employees' performance. With respect to several issues on which the evidence was in dispute, the administrative judge found the testimony of the agency witnesses more credible than Ms. Gregory's evidence.

Although Ms. Gregory contended that she was responsible for approving and disapproving other employees' leave requests, the administrative judge found that she had never disapproved a leave request and that her approvals of leave requests were routine clerical tasks that did not involve the exercise of independent discretion. Moreover, although Ms. Gregory argued that she occupied a supervisory position with respect to at least one other employee, the administrative judge concluded from the evidence that she did not direct the activities of, or assign duties to, any other employee.

We conclude that substantial evidence supports the administrative judge's finding that none of the functions that Ms. Gregory relied on made her position supervisory in nature. While it is clear that Ms. Gregory was responsible for the management of equipment, and while her work and recommendations often affected the way other employees performed their tasks, the administrative judge permissibly concluded that the evidence showed that what she oversaw was equipment, not personnel. Furthermore, the evidence showed that her role was more advisory than supervisory; she made recommendations and evaluations, but she had no independent authority to direct the activities of employees. As such, the administrative judge did not err in finding that Ms. Gregory was not a supervisor.

### 2. *Management Employee.*

Although the National Labor Relations Act does not define the terms "manager" or "management employee," it excludes managers from its coverage, and the Board has looked to decisions under the National Labor Relations Act to define the

term "management employee" in determining the Board's jurisdiction over Postal Service employees under 39 U.S.C. § 1005(a)(4)(A). *See Waldau v. Merit Sys. Prot. Bd.*, 19 F.3d 1395, 1398 (Fed.Cir. 1994). Under the National Labor Relations Act, management employees are those who formulate and effectuate management policies by expressing and making operative decisions of their employer. *NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 288, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974). Ms. Gregory argues that she implemented agency policy in the management of mail transport equipment; determined where and when to deviate from that policy, when to supply equipment when it was in shortage, and when and how to pay for it; provided input to the Postal Service in developing policy; and was responsible for transportation equipment contracts. She argues that "[i]t is clear that anyone with such a vast responsibility" is a manager. It is "very difficult to believe," she argues, "the handling of millions of dollars of mail transport equipment ... would not require [her] to effectuate Agency policy."

The evidence on which Ms. Gregory relies does not support her contention that she was a manager. While it is clear that she was responsible for a large amount of valuable equipment, the evidence did not show that she formulated agency policy. Her evidence showed that she coordinated carriers, arranged to obtain equipment for employees who needed it, balanced costs and inventory, and decided where to deploy equipment. In addition, she participated as a team leader on two special projects—to establish a standard operating procedure for missent mail, and to redesign the Area Mail Transport Service Center. The administrative judge, however, concluded that none of her various job responsibilities rendered her position managerial, because she was simply implementing policy and did not have the authority to formulate policy for the agency. With respect to the two special projects on which she served as a team leader, the administrative judge concluded that the teams collectively made recommendations to management and thus did not fashion policy, but rather merely made suggestions as to steps that management could take to increase agency effectiveness. The administrative judge therefore concluded that in her role in the two special projects, Ms. Gregory was not making policy decisions, but was merely providing information on which such policy decisions would be made.

The administrative judge's conclusions with respect to the "management employee" issue were supported by substantial evidence. The administrative judge permissibly concluded that although Ms. Gregory made the decisions she described as to the disposition and allocation of equipment, there is no indication that she had discretion to change any agency policy in so doing. Making day-to-day decisions about the disposition and allocation of equipment is not the same as making policy decisions that affect the agency beyond the particular circumstances of the decision. The administrative judge therefore did not err in holding that Ms. Gregory's position was not that of a management employee.

### 3. *Eligibility to Join a Collective Bargaining Unit.*

Ms. Gregory next contends that she must be regarded as a management employee because her job rendered her ineligible to joint a collective bargaining unit. In *McCandless v. Merit Systems Protection Board*, 996 F.2d 1193, 1201 (Fed.Cir. 1993), this court held that employees who were excluded from collective bargaining units because they were legally barred from membership in such units would have appeal rights to the Board. This court has

held, however, that the Postal Service's designation of an employee's position as "nonbargaining" does not establish that the employee is a supervisor or manager; instead, that determination must be based on an examination of the actual job duties of the position. *Coursen v. U.S. Postal Serv.,* 256 F.3d 1353, 1356 (Fed.Cir.2001); *Carrier v. Merit Sys. Prot. Bd.,* 183 F.3d 1376, 1379 (Fed.Cir.1999). Because the evidence showed that Ms. Gregory was not a manager or supervisor, the Postal Service's designation of her position as nonbargaining, although it may have been legally incorrect, does not change her status for purposes of Board jurisdiction. Moreover, the fact that there may have been no collective bargaining unit that Ms. Gregory could join at the time of her demotion does not mean that she was entitled to a Board appeal. A Postal Service employee such as Ms. Gregory has access to the Board only if the employee is barred as a matter of law from joining a union because of the employee's status as a manager or supervisor. Thus, Ms. Gregory's contention that several Postal Service unions had stated that she would not be accepted for membership and that her position was not covered by any collective bargaining agreement does not establish that she was legally barred from joining a union if one were established for a position such as hers.

4. *Due Process.*

██ Finally, Ms. Gregory argues that the denial of a right to appeal to the Board deprived her of due process. That argument fails for two reasons. First, she did not make that argument before the administrative judge, and therefore she has waived it. *See Bosley v. Merit Sys. Prot. Bd.,* 162 F.3d 665, 668 (Fed.Cir.1998). Second, due process does not require that a federal employee be accorded the right to appeal to the Merit Systems Protection Board before being demoted. As noted, not all Postal Service employees enjoy a right to appeal to the Board. Nonetheless, those employees who are subject to adverse employment actions such as the demotion at issue in this case are accorded the right to notice of the charges against them and the right to be heard in response to those charges through internal Postal Service review procedures. Such internal review procedures satisfy due process requirements. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 546, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Ms. Gregory invoked that internal review process and in fact obtained a substantial benefit from it, by having her penalty mitigated from removal to a demotion. She was thus not denied due process as a result of being denied review of her demotion by the Merit Systems Protection Board.