# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LORETTA HAYDEN,
　　　　　Appellant,

　　　　v.

UNITED STATES POSTAL SERVICE,
　　　　　Agency.

DOCKET NUMBER
NY-0752-15-0025-I-1

DATE: October 7, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Casanova Hambrick, Clarkton, North Carolina, for the appellant.

Leslie L. Rowe, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1　　　The appellant has filed a petition for review of the initial decision, which dismissed her reduction in pay and grade appeal for lack of jurisdiction without a hearing. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant was a nonpreference-eligible Executive and Administrative Schedule (EAS)-16 Human Resources Specialist for the agency. Initial Appeal File (IAF), Tab 6 at 131. Effective September 20, 2014, the agency reduced the appellant in pay and grade to the position of PS-4 Mail Handler. *Id*. at 21, 25-28. The agency's decision letter notified the appellant that she had the right to appeal the action to the Board. *Id*. at 26-28.

¶3 The appellant filed a Board appeal and requested a hearing. IAF, Tab 1. The administrative judge issued an order apprising the appellant of her burden of proof on the jurisdictional issue and directing her to file evidence and argument showing that she was an employee with Board appeal rights under 5 U.S.C. § 7511. IAF, Tab 9. The administrative judge informed the appellant that he would conduct a hearing only if she raised a nonfrivolous allegation of Board jurisdiction. IAF, Tab 30 at 1. After the parties filed evidence and argument on the jurisdictional issue, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction without a hearing. IAF, Tab 40, Initial Decision (ID) at 1, 11. He found that the appellant did not fall within any of the limited categories of Postal Service employees who are entitled to appeal a chapter 75 adverse action directly to the Board. ID at 5-10. In particular, he

found that she failed to make a nonfrivolous allegation that she was a manager or that she was engaged in personnel work in other than a purely nonconfidential clerical capacity.[2]  *Id.*  The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has filed a response, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.[3]

¶4    A Postal Service employee may file a Board appeal under chapter 75 only if she is covered by 39 U.S.C. § 1005(a) or 5 U.S.C. § 7511(a)(1)(B).  5 U.S.C. § 7511(b)(8).  Thus, to appeal an adverse action under chapter 75, a Postal Service employee (1) must be a preference eligible, a management employee, a supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity (confidential employee), and (2) must have completed 1 year of current continuous service in the same or similar positions.  39 U.S.C. § 1005(a); 5 U.S.C. § 7511(a)(1)(B); *Toomey v. U.S. Postal Service*, 71 M.S.P.R. 10, 12 (1996).  In this case, it is undisputed that the appellant had 1 year of current continuous service in her Human Resources Specialist position.  IAF, Tab 6 at 21, 131; ID at 4.  It also is undisputed that the appellant is not a preference eligible or a supervisory employee.  IAF, Tab 1 at 1, Tab 6 at 131; ID at 4-5.  The issue in this appeal is therefore whether the appellant was a management or confidential employee.  The operative question is

---

[2] There was also a question of timeliness.  IAF, Tab 8.  However, having dismissed the appeal for lack of jurisdiction, the administrative judge did not reach the timeliness issue.  ID at 11 n.3.

[3] The appellant has filed several pages of documentary evidence in support of her petition for review.  PFR File, Tab 1 at 9-25.  Much of this evidence appears to predate the initial decision, and the appellant has not explained why she was unable to submit it for the record below despite her due diligence.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Nevertheless, considering the appellant's pro se status and the jurisdictional question before us, we have considered this evidence in reaching our decision.  *See Parrish v. Merit Systems Protection Board*, 485 F.3d 1359, 1363 (Fed. Cir. 2007) (holding that the Board has the obligation to determine its own jurisdiction over a particular appeal).

whether the appellant is excluded from bargaining unit membership under 39 U.S.C. § 1202(1)-(2). *See* 5 U.S.C. § 7511(b)(8); 39 U.S.C. § 1005(a)(4)(A)(ii); *Benifield v. U.S. Postal Service*, 40 M.S.P.R. 50, 52-54 (1989). In determining whether a Postal Service employee is excluded from bargaining unit membership as a manager or confidential employee, the Board is guided by the decisions of the National Labor Relations Board (NLRB). *McCandless v. Merit Systems Protection Board*, 996 F.2d 1193, 1199 (Fed. Cir. 1993).

The appellant has not made a nonfrivolous allegation that she was a managerial employee.

¶5    The NLRB defines managerial employees as those who formulate and effectuate management policies by expressing and making operative decisions of their employer. *Waldau v. Merit Systems Protection Board*, 19 F.3d 1395, 1398 (Fed. Cir. 1994). Whether particular employees are "managerial" is not controlled by the specific job title of the position held by the employee. Rather, the question must be answered in terms of the employee's actual job responsibilities, authority, and relationship to management. This question must be resolved on a case-by-case basis. *Id*.

¶6    On review, the appellant argues that she was a management employee by virtue of being on the EAS pay scale. PFR File, Tab 1 at 4. We disagree. Neither the statute nor the case law states that an employee's pay scale is indicative of bargaining unit eligibility. Not all EAS employees are covered under 39 U.S.C. § 1005(a)(4)(A)(ii). *See, e.g.*, *Anmuth v. U.S. Postal Service*, 45 M.S.P.R. 656, 659, 662 (1990) (explaining that an EAS-23 Senior Philatelic Marketing Specialist was not excluded from bargaining unit membership), *aff'd*, 932 F.2d 980 (Fed. Cir. 1991) (Table); *Benifield*, 40 M.S.P.R. at 51, 54 (determining that an EAS-11 Personnel Assistant was not excluded from bargaining unit membership). The appellant also argues that she is a member of the National Association of Postal Supervisors (NAPS). PFR File, Tab 1 at 5,

10-24. However, based on the description of NAPS membership that the appellant included with her petition, we find that membership in that organization is not necessarily limited to employees covered under 39 U.S.C. § 1005(a)(4)(A)(ii). *Id*. at 11. Therefore, the appellant's membership in NAPS is not particularly probative of whether she is covered under that provision.

¶7        The appellant also argues that a reduction in force (RIF) notice addressed to her and dated January 2, 2013, indicates that she is a management employee. *Id*. at 5, 25. We make no finding on whether this RIF notice is indicative of management status because it pertains to the appellant's former Address Management Systems Specialist position and not to the Human Resources Specialist position at issue in this appeal. PFR File, Tab 1 at 25; IAF, Tab 6 at 131. The appellant further alleges that her duties included using the agency's Time and Attendance Collection System, and that only managers have access to this system. PFR File, Tab 1 at 6. We find, however, that the appellant has not alleged a factual basis to support her assertion that only managers have access to this system. *See Urena v. U.S. Postal Service*, 113 M.S.P.R. 6, ¶ 11 (2009) (noting that facts without support do not constitute nonfrivolous allegations). To the extent that the appellant is arguing that she was a managerial employee because she did not have a supervisor, PFR File, Tab 1 at 6, we find it implausible that she worked without supervision. Moreover, the appellant's allegation is belied by her job description, which states that she is supervised by the manager of the unit to which she is assigned. IAF, Tab 23 at 6-7.

¶8        The appellant also alleges that her position falls under the agency's Labor Relations organization and that all labor relations employees are in management-level positions. PFR File, Tab 1 at 5. Again, we find that the appellant has provided no factual basis for the Board to accept her bare assertion that all labor relations employees are managers within the meaning of 39 U.S.C. § 1005(a)(4)(A)(ii)(I). Furthermore, it is well established that the position's responsibilities, authority, and relationship to management determine whether it

is managerial in nature—not the position title or the office in which it is located. *See Waldau*, 19 F.3d at 1398; *Strope v. U.S. Postal Service*, 71 M.S.P.R. 429, 436-37 (1996).  For the reasons explained in the initial decision, we agree with the administrative judge that the appellant's responsibilities, authority, and relationship to management were not those of a managerial employee under 39 U.S.C. § 1005(a)(4)(A)(ii)(I).  ID at 7.

¶9        Finally, the appellant argues that she was a nonbargaining unit employee, as evidenced by her having received a nonbargaining salary increase.  PFR File, Tab 1 at 5, 14.  However, the mere fact that there was no collective bargaining unit for the appellant to join or that she was ineligible for bargaining unit membership for reasons unrelated to 39 U.S.C. § 1202(1)-(2) is insufficient to bring the appeal within the Board's jurisdiction.  *See Coursen v. U.S. Postal Service*, 256 F.3d 1353, 1355-75 (Fed. Cir. 2001); *Carrier v. Merit Systems Protection Board*, 183 F.3d 1376, 1378-80 (Fed. Cir. 1999); *Wilson v. U.S. Postal Service*, 109 M.S.P.R. 60, ¶ 10 (2008).

The appellant has not made a nonfrivolous allegation that she was a confidential employee.

¶10       The NLRB defines "confidential employees" as employees who:  (1) "assist and act in a confidential capacity to persons who formulate, determine and effectuate management policy in the field of labor relations;" or (2) "regularly have access to confidential information concerning anticipated changes which may result from collective-bargaining negotiations."  *McCandless*, 996 F.2d at 1199 (quoting *National Labor Relations Board v. Hendricks County Rural Electric Membership Corp.*, 454 U.S. 170, 189 (1981)).

¶11       The appellant argues that her work was of a confidential nature.  PFR File, Tab 1 at 5-6.  She further argues that, although some of her work was clerical, this does not exclude her from coverage because all labor relations employees have some clerical tasks.  *Id*. at 6.  We agree with the appellant that her work may have involved handling some employees' confidential information.  Nonetheless,

confidential information for purposes of 39 U.S.C. § 1005(a)(4)(A)(ii)(II) refers to information regarding collective bargaining and labor relations—not to employees' personal data. Mere access to personnel information is insufficient to establish confidential status. *Benifield*, 40 M.S.P.R. at 54. Therefore, regardless of whether all or only some of the appellant's personnel work was of a clerical nature, we find that she has not made a nonfrivolous allegation that she was a confidential employee under 39 U.S.C. § 1005(a)(4)(A)(ii)(II).

The notice of appeal rights in the agency's decision letter does not establish Board jurisdiction.

¶12    On review, the appellant argues that the agency advised her that she had the right to file a Board appeal of her reduction in pay and grade because of the confidential nature of her work. PFR File, Tab 1 at 4-5, 9. Yet, as the administrative judge correctly found, the agency decision letter alone cannot confer Board appeal rights where the appellant otherwise failed to establish Board jurisdiction. ID at 10; *see Mancha v. Department of Homeland Security*, 112 M.S.P.R. 216, ¶ 10 (2009); *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 13 (2009).

The appellant's arguments regarding due process and the merits of the agency's decision are immaterial to the jurisdictional issue.

¶13    The appellant argues that the agency denied her due process during the adverse action proceedings, and she challenges the merits of the agency's decision. PFR File, Tab 1 at 4-7. However, before the Board will reach the merits of an appeal or any affirmative defenses, the appellant first must establish jurisdiction over the appeal. *Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (Fed. Cir. 2000). We find that the appellant's arguments regarding the merits and due process are immaterial to the jurisdictional issue. *See Morrison v. Department of the Navy*, 122 M.S.P.R. 205, ¶ 11 (2015); *Rivera v. Department of Homeland Security*, 116 M.S.P.R. 429, ¶ 13 (2011).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.