# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BRUCE A. BLACKERBY,<br>Appellant, | DOCKET NUMBER<br>DC-0752-15-0980-I-1 |
| v. | |
| UNITED STATES POSTAL SERVICE,<br>Agency. | DATE: August 12, 2022 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Paul Y. Kiyonaga, Esquire and Gale Robert Thames, Washington, D.C., for the appellant.

Steven Sultan, Esquire, Washington, D.C., for the agency.

James Puchala, Bellmawr, New Jersey, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for lack of jurisdiction. Generally, we grant

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant filed an appeal of the agency's decision to remove him from his position as a Forensic Computer Analyst. Initial Appeal File (IAF), Tab 1. The agency moved to dismiss the appeal, arguing that the appellant did not have the right to appeal an adverse action to the Board because he was not a preference-eligible veteran, management or supervisory employee, or confidential employee. IAF, Tab 5. In response, the appellant argued that he was a confidential employee because in the course of his actual job duties he assisted in effectuating highly sensitive and confidential matters involving labor relations. IAF, Tab 9 at 12-16. After holding a hearing, the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant failed to prove by preponderant evidence that he was a confidential employee. IAF, Tab 30, Initial Decision (ID).

¶3    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has opposed the appellant's petition. PFR File, Tab 5. The appellant has filed a reply. PFR File, Tab 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    A Postal Service employee has a right to appeal an adverse action to the Board, if he (1) is a preference eligible, a management or supervisory employee, or an employee engaged in personnel work in other than a purely nonconfidential clerical capacity,[2] and (2) has completed 1 year of current continuous service in the same or similar positions. *See* 39 U.S.C. § 1005(a)(4)(A); 5 U.S.C. § 7511(a)(1)(B)(ii); *Clark v. U.S. Postal Service*, 118 M.S.P.R. 527, ¶ 7 (2012).

¶5    It is undisputed that the appellant is not a preference eligible, manager, or supervisory employee. ID at 5. Thus, the Board would only have jurisdiction over his appeal if he is a confidential employee. The Board has adopted the definition of the term "confidential employees" set forth by the National Labor Relations Board (NLRB), which includes "those employees who: (1) '[A]ssist and act in a confidential capacity to persons who formulate, determine and effectuate management policy in the field of labor relations,' or (2) 'regularly have access to confidential information concerning anticipated changes which may result from collective-bargaining negotiations.'" *Law v. U.S. Postal Service*, 77 M.S.P.R. 30, 34 (1997) (quoting *McCandless v. Merit Systems Protection Board*, 996 F.2d 1193, 1199 (Fed. Cir. 1993)). The first prong of this definition is referred to as the labor-nexus test. *See National Labor Relations Board v. Hendricks County Rural Electric Membership Corporation*, 454 U.S. 170, 188-89 (1981); *see also Benifield v. U.S. Postal Service*, 40 M.S.P.R. 50, 53-54 (1989).

¶6    As described in the initial decision, the appellant testified below that he met the definition of a confidential employee based on three examples of his job

[2] For ease of reference, we will refer to employees engaged in personnel work in other than a purely nonconfidential clerical capacity as "confidential employees."

duties. First, he asserted that in or around November 2014, management enlisted his assistance in its efforts to keep forensic computer analyst positions exempt from overtime payment requirements under the Fair Labor Standards Act (FLSA). ID at 5. He contended that management provided him with confidential proposed position descriptions to review and confidential strategy memoranda on how to argue that these positions were exempt under the FLSA. *Id.* The appellant then met with the agency's Organizational Effectiveness Office and explained the nature of the positions. *Id.* Second, he contended that in October 2014, he was allowed access to confidential personnel records of agency employees in the course of investigating a cyber intrusion. ID at 5-6. Third, he argued that in 2010, he had access to computers used by agency employees when he participated in a confidential investigation regarding the theft of test answers for an employment examination. ID at 6.

¶7        The administrative judge considered the appellant's testimony concerning these job duties but found that he failed to establish he was a confidential employee. ID at 5-9. Regarding the first type of confidential employee, the administrative judge found that none of the examples cited met the labor-nexus test because they showed only that the appellant on occasion had access to certain labor-related or personnel type information, which the NLRB has found to be insufficient. *See* ID at 3, 6 (citing *In re E.C. Waste, Inc.*, 339 N.L.R.B. 262, 282 (2003), *enforced*, 359 F.3d 36 (1st Cir. 2004)). The administrative judge further found that the appellant failed to show that the relevant individuals to whom he alleged he was providing assistance were individuals who formulated, determined, and effectuated management policy in labor relations. ID at 8-9. Lastly, he found that the appellant failed to demonstrate that he acted in a confidential capacity regarding the first example because the alleged confidential information was not confidential relative to the forensic computer analysts who

would be affected by the decision at issue.[3]  ID at 6-7.  Regarding the second type of confidential employee, the administrative judge found that none of the purportedly confidential information the appellant had access to concerned anticipated changes which may result from collective bargaining negotiations.  ID at 6.

¶8        On review, the appellant argues that the administrative judge erred in finding that he was not a confidential employee.  PFR File, Tab 3 at 17-19.  He reiterates his testimony below concerning the first two examples of job duties, which he contends establish he is a confidential employee, including his roles in assisting management's efforts to keep the forensic computer analyst positions exempt from the FLSA overtime requirements and investigating a high-profile cyber intrusion matter.  *Id.*  The administrative judge, however, considered such testimony but found that it failed to establish that the appellant met the definition of a confidential employee.  ID at 5-9.  We find that the appellant's arguments on review constitute mere disagreement with the administrative judge's explained findings and thus do not provide a basis for reversal.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate references, and made reasoned conclusions); *see also Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).  For the reasons set forth in the initial decision, we agree with the administrative judge that the appellant failed to establish that he is a confidential employee.

---

[3] Regarding the other two examples, the administrative judge found that these were "even less compelling than the first."  ID at 7.  We interpret this as meaning that such matters are nonlabor related and so, even if confidential, fail to establish that the appellant is a confidential employee.  *See* ID at 3; *see also Hamilton v. U.S. Postal Service*, 123 M.S.P.R. 404, ¶ 20 (2016) (stating that, although the appellant may have handled sensitive employee personnel information in the course of administrative investigations, mere access to personnel information is insufficient to establish confidential status).

¶9         On review, the appellant also contends that the administrative judge erred in finding that he was not a confidential employee because his position description and Standard Forms 50 designate his position as nonbargaining. PFR File, Tab 3 at 19-20. He also disputes the administrative judge's finding that, although he was unable to join any of the four existing unions due to their bylaws, he was not precluded by statute or regulation from forming his own collective bargaining unit. *Id.* The appellant contends that this finding was erroneous because various agency policies preclude him from forming a collective bargaining unit. *Id.* at 20-21.

¶10       We find such arguments unavailing. The Board's jurisdiction is limited to those appeals filed by Postal Service employees who are excluded from bargaining unit membership because they are a manager, supervisor, or confidential employee under 39 U.S.C. § 1202. *See* 39 U.S.C. § 1005(a)(4)(A); *Coursen v. U.S. Postal Service*, 256 F.3d 1353, 1355-56 (Fed. Cir. 2001). Thus, the agency's description of the appellant's position as a "nonbargaining" position is not determinative. *See Wilson v. U.S. Postal Service*, 109 M.S.P.R. 60, ¶ 10 (2008). Further, neither the absence of an existing collective bargaining unit for the appellant to join nor the fact that he may be ineligible for bargaining unit membership for reasons unrelated to 39 U.S.C. § 1202(1)-(2) is sufficient to bring the appeal within the Board's jurisdiction. *See, e.g.*, *Coursen*, 256 F.3d at 1355-57; *Carrier v. Merit Systems Protection Board*, 183 F.3d 1376, 1378-80 (Fed. Cir. 1999); *Wilson*, 109 M.S.P.R. 60, ¶ 10.

¶11       Finally, the appellant argues that the administrative judge improperly failed to address his argument that the denial of the right to a Board appeal will deprive him of due process because he waived his grievance right by filing a Board appeal. PFR File, Tab 3 at 21-23. However, because the Board's jurisdiction is constrained by statute, the U.S. Court of Appeals for the Federal Circuit has rejected similar arguments. *See Hayden v. Merit Systems Protection Board*, 646 F. App'x 1008, 1012-13 (Fed. Cir. 2016) (rejecting the appellant's argument

that the denial of a right to appeal to the Board deprived her of due process because jurisdiction is a threshold issue and no further process was due once the Board determined it lacked authority to hear the case);[4] *Carrier*, 183 F.3d at 1379-80 (finding nothing in the relevant statutes or precedent to suggest that an appellant who fails the jurisdictional test under 39 U.S.C. § 1005 may nevertheless appeal to the Board on a showing that he had no readily available collective bargaining unit to which a grievance could be taken).

¶12     Accordingly, we affirm the initial decision dismissing the appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[4] The Board may choose to follow nonprecedential decisions of the Federal Circuit if, as here, it finds the reasoning persuasive. *See, e.g.*, *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 6 n.2 (2014).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                          /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.